# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL FABRICIO LOPEZ,

Defendant-Appellant

Cons. w/No. 17-20237

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL FABRICIO LOPEZ, also known as Loco,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-558-1
USDC No. 4:10-CR-839-5

No. 17-20227
c/w No. 17-20237

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In this consolidated appeal, Joel Fabricio Lopez challenges the sentences imposed for his conviction for illegal reentry into the United States and the revocation of his supervised release. He asserts that the district court committed reversible plain error by sentencing him in those cases without ordering a presentence report (PSR).

To the extent Lopez contends that Federal Rule of Criminal Procedure 32(c)(1)(A) required the preparation of a new or additional PSR in his revocation case, he has not demonstrated clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Pelensky*, 129 F.3d 63, 68-69 & n.10 (2d Cir. 1997). Neither has Lopez shown that the absence of a PSR for his new illegal-reentry case affected his substantial rights with respect to that case or his revocation case. The information in the record was sufficient to allow the district court to meaningfully consider the relevant sentencing factors, and Lopez has not shown that the guidelines ranges recognized by the district court for those cases were erroneous. *See* FED. R. CRIM. P. 32(c)(1)(A)(ii). We decline to exercise our discretion in both cases under the fourth prong of plain error review. *See Puckett*, 556 U.S. at 135.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.